IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MONTE GUESS,                                CIVIL DIVISION

        Plaintiff;                    Docket No.:

vs.

CITY OF PHILADELPHIA,

                                COMPLAINT IN CIVIL ACTION

        Defendant.                    Filed on behalf of Plaintiff:
                                MONTE GUESS

                                Counsel of Record for this Party:
                                Steven Auerbach, Esquire
                                Law Office of Steven T. Auerbach
                                822 Montgomery Ave.
                                Suite 210
                                Narberth, PA. 19072
                                Ph:  (215) 964-4410
                                Fax: (610) 667-7305
                                Steven@TheAuerbachFirm.com
                                Pa. I.D. #317309

                                **JURY TRIAL DEMANDED**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONTE GUESS, | ) | CIVIL DIVISION |
| Plaintiff; | ) | |
| | ) | Docket No.: |
| vs. | ) | |
| | ) | |
| CITY OF PHILADELPHIA, | ) | |
| Defendant. | ) | |

### I. COMPLAINT IN CIVIL ACTION

Monte Guess ("Mr. Guess" or "Plaintiff"), by his attorney, Steven Auerbach, complaining of City of Philadelphia ("Defendant" or "Employer"), alleges:

### II. INTRODUCTION

1. This action is brought to remedy claims of employment discrimination on the basis of sex and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* and under the Pennsylvania Human Relations Act, 43 PA. Cons. Stat. § 951 *et seq.*

2. Plaintiff seeks injunctive and declaratory relief, economic, compensatory, attorneys' fees and all other appropriate relief pursuant to governing law.

### III. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(a) (4) because it arises under the laws of the United States and seeks redress for violation of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

4. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over

Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S, 310 (1945) and its progeny.

5. Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## IV. PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff Monte Guess is an adult individual who resides in Philadelphia, Pennsylvania.

8. At all times relevant to this action, Plaintiff was and remains an "Employee" of the Defendant within the meaning of 42 U.S.C. §2000e-f and related state law(s).

9. Defendant City of Philadelphia is a political subdivision organized under the laws of Pennsylvania with a principal place of business in Philadelphia, Pennsylvania.

10. Defendant was and remains an "Employer" of the Plaintiff within the meaning of 42 U.S.C. §2000e-(b), (g), and (h) and related state law(s).

11. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

12. Defendant has and continues to employ over five hundred (500) employees per calendar year for at least the last five (5) years, and Defendant engages in a variety of revenue-generating, business relationships.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff has exhausted his administrative remedies.

15. On October 4, 2018, Plaintiff filed a complaint of hostile work environment, sexual harassment, and retaliation with the Mayor's Office of Labor Relations ("Office of Labor Relations") against his supervisor and agent of Defendant, Sheriff Jewell Williams ("Sheriff Williams").

16. Plaintiff then filed a timely initial charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on December 26, 2018 and directed same to cross-file with the Pennsylvania Human Relations Commission ("PHRC").

17. Plaintiff received his Right to Sue Notice from the EEOC on April 18, 2019. A true and correct copy of this notice is attached hereto as Exhibit 1.

18. Plaintiff commenced and initial, un-amended action within ninety (90) days of receipt of his Right to Sue Notice.

## VI. FACTUAL ALLEGATIONS

19. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

20. In May of 1998 and extending through the present (the "Term of Employment"), Plaintiff worked for Defendant in a variety of capacities.

21. During the Term of Employment, Plaintiff was subject to harassing and discriminatory conduct related to sex.

22. On or after December 2013, Sheriff Williams became aware that Plaintiff was in a romantic relationship with another Employee, Marlaina Williams[1]. From that point forward, Sheriff Williams expressed his disapproval and jealousy of this relationship in a variety of ways:

   a) I'm jealous that he [Plaintiff] gets to go home with you [Marlaina Williams] and not me; and

   b) I'm hating on your relationship; and

   c) You [Marlaina Williams] should leave him [Plaintiff] and be with me; and

   d) How could you [Marlaina Williams] work for me and date someone in my office; and

   e) I'm gonna transfer your boyfriend [Plaintiff] and put him on the overnight shift so y'all can't spend any time together; and

   f) Your son [Marlaina Williams' son] should really be mine and your name should really be Marliana Jewell Williams; and

   g) I haven't had sex in two years, so if I'm not happy no one's gonna be happy.

23. In addition to statements made directly by Sheriff Williams, an atmosphere was purposefully created wherein other employees felt at liberty to discuss intimate details of Plaintiff's relationship.

24. In further response to Plaintiff's relationship, Jewell Williams levied false accusations against Plaintiff alleging that he was an FBI information "out to get him." This was calculated to adversely affect Plaintiff's reputation with his colleagues and this conduct persisted notwithstanding Plaintiff's protests.

---

[1] Not related to Sheriff Jewell Williams.

25. As a consequence of Sheriff Williams' unlawful actions/inactions, Marlaina Williams and other employees such as Vanessa Bines and Dolores Ramos filed related complaints with the Office of Labor Relations, EEOC, and with the Eastern District of Pennsylvania.

25. These individuals named Plaintiff as a witness to support their allegations of sexual harassment.

26. On multiple occasions subsequent to the above-referenced individuals' filing of complaints, Sheriff Williams attempted to intimidate Plaintiff from participating as a cooperating witness and to otherwise coerce Plaintiff into preventing these cases from progressing.

27. Jewell Williams retaliated against Plaintiff in a variety of ways incident his participation as a witness and refusal to prevent others from exercising their protected rights.

28. After Marlaina Williams filed her complaint, Plaintiff was removed from his position from Internal Affairs as well as other assignments and was led to believe that he would be removed from his position in the DART Unit as well.

29. Sheriff Williams, or his assignee, then levied and circulated false accusations that Plaintiff had sexually harassed an employee, was gay, and was a pimp.

30. In the summer of 2018, all individuals who held Plaintiff's position were promoted except for Plaintiff.

31. In further retaliation Sheriff Williams openly expressed to others in and around the office of his intention to "get" Plaintiff after his reelection.

## COUNT I: GUESS V. CITY OF PHILADELPHIA
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### Violations of the Pennsylvania Human Relations Act ("PHRA")
(Sex)

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. In violation of Title VII of the Civil Rights Act of 1964 and PHRA, Defendant discriminated against Plaintiff on the basis of her sex and by failing to protect him from pier/supervisor misconduct.

34. Defendant acted knowingly, willfully, and/or negligently in violation of these Acts.

35. Plaintiff has suffered and continues to suffer irreparable mental and physical injury as well as monetary damages as a result of Defendant's discriminatory conduct as described herein.

## COUNT II: GUESS V. CITY OF PHILADELPHIA
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### Violations of the Pennsylvania Human Relations Act ("PHRA")
(Retaliation)

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. In violation of Title VII of the Civil Rights Act of 1964 and the PHRA, Defendant retaliated against Plaintiff for failing to suppress others from exercising their legal rights and from testifying adversely against his supervisor.

38. Defendant acted knowingly, willfully, and/or negligently in violation of these Acts.

39. Plaintiff has suffered and continues to suffer irreparable mental and physical injury as well as monetary damages as a result of Defendant's retaliatory conduct as described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter an Order providing:

a. That the Court issue a declaratory judgment that the acts, policies, and practices complained herein are in violation of Title VII and the PHRA; and

b. That the Court enjoin Defendant from continuing its acts, policies, and practices which violate Title VII and the PHRA; and

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **
TIME RECEIVED                  REMOTE CSID         DURATION  PAGES  STATUS
May 7, 2019 at 2:36:35 PM EDT                      50        1      Received

Case 2:19-cv-01949-CDJ   Document 1   Filed 05/06/19   Page 8 of 14

05/07/2019    13:55                              (FAX)                    P.001/001

c. Directing Defendant to reinstate Plaintiff to the position he would have occupied but for Defendant's unlawful conduct, making her whole for all earning she would have received but for Defendant's unlawful conduct, including but not limited to wages, bonuses and other lost benefits; and

d. Directing Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, with interest, in amounts to be determined at trial pursuant; and

e. Directing Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses caused by the above unlawful conduct, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial; and

f. Granting such other relief as the Court deems necessary and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: 5/3/19

Respectfully Submitted,

By:

_____/s_____
Steven Auerbach
822 Montgomery Ave.
Suite 210
Narberth, PA. 19072
Ph: (215) 964-4410
Fax: (610) 667-7305

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONTE GUESS, | ) | CIVIL DIVISION |
| Plaintiff; | ) | |
| | ) | Docket No.: |
| vs. | ) | |
| | ) | |
| CITY OF PHILADELPHIA, | ) | |
| Defendant. | ) | |

## VERIFICATION

I, Monte Guess, hereby state I am the plaintiff in this action, and I verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of 28 U.S.C. §1746 relating to unsworn falsification to authorities.

Dated: 5/3/19

_____
MONTE GUESS

# Exhibit 1

| EEOC Form 161-B (11/16) | | |
|---|---|---|
| | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | |
| | **NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)* | |
| To: Mr. Monte Guess<br>4217 Mill Steet<br>Philadelphia, PA 19136 | | From: Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-01477 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

*Jamie R. Williamson* — April 17, 2019
Jamie R. Williamson,
District Director
*(Date Mailed)*

Enclosures(s)

cc:  Linda Busillo
Senior Legal Assistant Supervisor
PHILADELPHIA LAW DEPARTMENT
1515 Arch Street, 16th Floor
Philadelphia, PA 19102

Steven T. Auerbach, Esq.
LAW OFFICE OF STEVEN T. AUERBACH
822 Montgomery Avenue, Suite 210
Narberth, PA 19072

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Monte Gvery

**DEFENDANTS**
City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Steven T. Auerbach
822 Montgomery Ave. Suite 210
Narberth, PA 19072  (215) 964-4410

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (and PHRA)

Brief description of cause:
Employment Discrimination + Retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $495,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: ____    DOCKET NUMBER: ____

DATE: 5/3/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Monte Guess                                    :           CIVIL ACTION
                    v.                         :
City of Philadelphia                           :           NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.             ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                         (✓)

5/3/19                Steven T. Auerbach            Plaintiff
**Date**              **Attorney-at-law**           **Attorney for**

(215) 964-4410        (610) 667-7305              Auerbach.Steven@gmail.com
**Telephone**         **FAX Number**               **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __4217 Mill Street, Philadelphia, PA 19136__

Address of Defendant: __One Parkway, 14th Floor, 1515 Arch Street, Philadelphia, PA 19102__

Place of Accident, Incident or Transaction: __Philadelphia__

---

*RELATED CASE, IF ANY:*

Case Number: __X__     Judge: __X__     Date Terminated: __X__

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/03/2019__      _/s/_      __317309__
                    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A.  *Federal Question Cases:*
  1. Indemnity Contract, Marine Contract, and All Other Contracts
  2. FELA
  3. Jones Act-Personal Injury
  4. Antitrust
  5. Patent
  6. Labor-Management Relations
  [✓] 7. Civil Rights
  8. Habeas Corpus
  9. Securities Act(s) Cases
  10. Social Security Review Cases
  11. All other Federal Question Cases
     *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
  1. Insurance Contract and Other Contracts
  2. Airplane Personal Injury
  3. Assault, Defamation
  4. Marine Personal Injury
  5. Motor Vehicle Personal Injury
  6. Other Personal Injury *(Please specify):* _____
  7. Products Liability
  8. Products Liability – Asbestos
  9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Steven Auerbach__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: __05/03/2019__      _/s/_      __317309__
                *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)